## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MIGUEL P. ROSALES,

        Plaintiff,

vs.                           Case No. 2:13-cv-1092-MV-GBW

STATE OF NEW MEXICO,
ADULT PROTECTIVE SERVICES,
LEO MARTINEZ,
MARGARET BATTY,
INCOME SUPPORT DIVISION, ROQUE ROSALES,
DISTRICT ATTORNEY'S OFFICE, SCOTT KEY,
CITY OF ALAMOGORDO, BRUCE ROBERTS,
MICHAEL STORSETH, NEIL LA SALLE, DISTRICT
COURT ADMINISTRATOR, KAREN DUPREY, JOHN
DOES, JANE DOES,

        Defendants.

## ORDER

       This matter comes before the Court on Plaintiff's Notice of Excusal, Non-Consent, Objection to Exercise of Magistrate Judge, and Notice of Objection to Removal and Intent to File for Remand. *Doc. 9.* The Court, having considered the Motion and Defendants' Response, *doc. 13*, DENIES the motion.

       Plaintiff's motion has four components: first, he objects to U.S. District Judge Martha Vasquez presiding over this matter; second, he objects to U.S. Magistrate Judge Gregory Wormuth serving as the referral judge; third, he objects to the Court's order granting the motion for extension of time to respond to Plaintiff's complaint (*doc. 7*); and finally, Plaintiff notifies the Court of his intention to file for remand.

In the first and second parts of Plaintiff's Motion, he seeks to disqualify the federal judges assigned to his case. Although Plaintiff does not cite any legal bases for disqualification, as a *pro se* litigant, his filings are liberally construed.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) ("Because [Plaintiff] proceeds *pro se*, we construe his pleadings liberally."). As such, the Court will consider Plaintiff's Motion in light of the two relevant statutes governing recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455.

Under section 144, a party may move to prospectively disqualify a judge for reasons of "personal bias or prejudice."  28 U.S.C. § 144.  A motion made under this statute must include "an affidavit of bias and prejudice must be timely, sufficient . . . , and accompanied by a certificate of good faith of counsel." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).  Here, Plaintiff has failed to either file an affidavit or set forth any facts in his motion to suggest that Judge Vasquez or I are biased or prejudiced against him.  With respect to Judge Vasquez, Plaintiff states only that he is filing a "Notice of Excusal of United States District Judge Martha Vasquez as the trial judge." *Doc. 9* at 1. With respect to myself, Plaintiff asserts that he "objects to, and does not consent to, the exercise by a magistrate judge . . . over this case." *Id.* I therefore find that Plaintiff's motion to disqualify the judges assigned to this case is insufficient under section 144.

Plaintiff's motion also fails under section 455.  "[T]he initial inquiry [in a section 455 motion] is whether a reasonable factual basis exists for calling the judge's

impartiality into question." *Cooley*, 1 F.3d at 993 (emphasis removed). As mentioned above, Plaintiff has proffered no factual basis whatsoever that would indicate bias on behalf of Judge Vasquez or myself. He has therefore failed to allege a "reasonable factual basis" for disqualification, and his motion fails under section 455.

Next, in support of his objection to the Court's order granting the motion for extension of time, Plaintiff states that "there is no record of any motion being so made." *Doc. 9* at 1. However, as Defendants State of New Mexico and Karen Duprey point out, a motion was filed on November 12, 2013, *doc. 5*, and Plaintiff was served a copy of the motion via first class mail. *See doc. 5* at 2; *doc. 13* at 2. This objection is therefore overruled.

Finally, Plaintiff states that he objects to the Court's jurisdiction over the case and gives "Notice of Intent to file for a Remand." *Doc. 9* at 1. The Court agrees with Defendants State of New Mexico and Karen Duprey that this statement does not constitute a motion for remand, but simply a notice that Plaintiff would later move to remand this case. Plaintiff did file a motion to remand on December 16, 2013, *doc. 14*, which the Court will address in a separate order.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE