IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL P. ROSALES,

    Plaintiff,

v.                                                            Case No. 2:13-cv-1092 MV/GBW

STATE OF NEW MEXICO,
ADULT PROTECTIVE SERVICES,
LEO MARTINEZ, MARGARET BATTY,
INCOME SUPPORT DIVISION, ROQUE ROSALES,
DISTRICT ATTORNEY'S OFFICE, SCOTT KEY,
CITY OF ALAMOGORDO, BRUCE ROBERTS,
MICHAEL STORSETH, NEIL LA SALLE, DISTRICT
COURT ADMINISTRATOR, KAREN DUPREY, JOHN
DOES, JANE DOES,

    Defendants.

**ORDER**

The matter comes before the Court pursuant to Plaintiff's Motion to Remand (*doc. 14*), Defendant City of Alamogordo's Motion to Join in the State of New Mexico and Karen Duprey's Response to Plaintiff's Motion to Remand (*doc. 17*), Plaintiff's Motion for a More Definite Statement (*doc. 18*), and Defendants' Motion to Strike (*doc. 22*). The Court, having considered the relevant law and accompanying briefing (*docs. 16, 19, 23, 24, 29, 30*), and being otherwise fully advised, will GRANT City of Alamogordo's Motion to Join, DENY Plaintiff's Motion to Remand, and GRANT Defendants' Motion to Strike.

**I.     BACKGROUND**

Plaintiff brings his complaint against Defendants for, *inter alia*, violations of his civil rights based on various alleged wrongs committed against him.[1]  *Doc. 1*, Ex. 1. Defendants State of New Mexico and Karen Duprey removed the case to this court on November 8, 2013, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.  *Doc. 1*.  Plaintiff moved to remand on December 16, 2013 (*doc. 14*), and the State of New Mexico and Duprey filed their response in opposition on December 23, 2013 (*doc. 16*).  Defendant City of Alamogordo moved to join in the responsive pleading on December 30, 2013 (*doc. 17*), and Defendants State of New Mexico and Duprey did not oppose the motion (*doc. 19*).  Plaintiff, on the other hand, opposed City of Alamogordo's Motion to Join on the basis that it was untimely and failed to recite a good faith request for concurrence from Plaintiff, in violation of Local Rule of Civil Procedure 7.1(a).  *Doc. 23*, D.N.M.LR-Civ. 7.1(a).  City of Alamogordo filed its reply on January 27, 2014.  *Doc. 24.*

In lieu of filing a reply in support of his Motion to Remand, on January 8, 2014, Plaintiff filed a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e), claiming that Defendants' response was "so vague or ambiguous that Plaintiff cannot reasonably prepare a reply."  *Doc. 18* at 1.  Plaintiff's Motion for a More Definite Statement also includes an appendix titled "Notice of Additional Claims and Possible Rule 12 Affirmative Defenses.  Notice of Intent to File a Motion for a

---

[1] Plaintiff's statements regarding the nature of these wrongs are somewhat difficult to discern beyond his assertion of alleged constitutional violations.

Supplemental Pleading." *Doc. 18* at 1-3. Defendants moved to strike Plaintiff's Motion for a More Definite Statement on January 22, 2014. *Doc. 22*. Plaintiff responded on February 11, 2014 (*doc. 29*), and briefing was complete on February 24, 2014 (*docs. 30, 31*).

## II.    ANALYSIS

### A.  *Defendant City of Alamogordo's Motion to Join is Granted*

In spite of Plaintiff's contention, the Court finds no basis upon which to find City of Alamogordo's motion untimely. Plaintiff is, however, correct in noting that the motion is deficient for failing to comply with the Local Rules. But the language of Local Rule 7.1(a) only states that "a motion that omits recitation of a good-faith request for concurrence *may* be summarily denied." D.N.M.LR-Civ. 7.1(a) (emphasis added). Given that the Motion to Join does not add any additional information or argument but simply makes a request to join in a previously-filed responsive brief, the Court will exercise its discretion and grant City of Alamogordo's Motion to Join.

### B.  *Plaintiff's Motion to Remand is Denied*

Plaintiff moves to remand on two grounds: (1) "the proceeding is more appropriately resolved by a state court," and (2) "defendants' notice of removal does not comply with the statutes and law governing removal." *Doc. 14*. He does not, however, offer any elaboration or support of these arguments.

In the responsive briefing, Defendants first argue that Plaintiff's motion is untimely under 28 U.S.C. § 1447(c) because it was not filed within 30 days of the filing of the notice of removal and further that it does not challenge removal on the basis of subject matter jurisdiction. *Doc. 16* at 2.

The Court agrees that Plaintiff's motion is untimely, but further finds that it should be denied on the merits. Federal jurisdiction is proper in this case because Plaintiff's complaint contains claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For example, Plaintiff argues that "the State and the City of Alamogordo and its officers or agents conspired to and did *violate the civil rights of Plaintiff, in violation of the Civil Rights Act, the Constitution and the laws of the United States* and New Mexico," and makes additional reference to civil rights violations throughout his complaint. *Doc. 1*, Ex. 1 (emphasis added). The Court also finds that Defendants complied with 28 U.S.C. § 1446 by filing their notice of removal within the required 30-day time period.

The Court concludes that federal jurisdiction is proper in this case, and, because Plaintiff offers no facts in support of his conclusory arguments that this case should be remanded, the Court will deny Plaintiff's Motion to Remand. Although Plaintiff is *pro se* and his pleadings should be interpreted broadly, the Court cannot assume the role of advocate and generate legal theories or facts that Plaintiff has not himself presented. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does, however, note

that Plaintiff is free to voluntarily dismiss his federal claims and move for remand to state court on the basis of lack of subject matter jurisdiction.

### C. *Defendants' Motion to Strike Plaintiff's Motion for a More Definite Statement is Granted*

In Plaintiff's Motion for a More Definite Statement, he argues that Defendants' Response to his Motion to Remand was so vague or ambiguous that he could not reply. *Doc. 18* at 1. Plaintiff's motion also contains an addendum regarding possible additional claims and reciting several pages of facts. *Doc. 18*.

Defendants move to strike Plaintiff's Motion because Federal Rule of Civil Procedure 12(e), governing motions for a more definite statement, only pertains to "pleading[s] to which a responsive pleading is allowed." FED. R. CIV. P. 12(e). "Pleadings" are defined narrowly under the Federal Rules and do not include responses to motions. *See* FED. R. CIV. P. 7(a). In addition, Defendants argue that the addendum included in Plaintiff's Motion for a More Definite Statement is not a permitted pleading and does not conform with any procedural rule.

Defendants are correct that Federal Rule of Civil Procedure 12(e) does not allow a party to move for a more definite statement of a response to a motion. But even if this were not the case, the Court finds that Defendants' response is neither vague nor ambiguous. Further, the Court finds no basis in the Federal Rules for the addendum filed by Plaintiff. The Court will therefore grant Defendants' Motion to Strike Plaintiff's Motion for a More Definite Statement.

### III. CONCLUSION

For the foregoing reasons, the Court will GRANT Defendant City of Alamogordo's Motion to Join (*doc. 17*), DENY Plaintiff's Motion to Remand (*doc. 14*), and GRANT Defendants' Motion to Strike Plaintiff's Motion for a More Definite Statement (*doc. 22*).  Plaintiff may, at any time, move to voluntarily dismiss his federal claims and to remand this case for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE