IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL P. ROSALES,

    Plaintiff,

v.                                                                   Case No. 2:13-cv-1092 MV/GBW

STATE OF NEW MEXICO,
ADULT PROTECTIVE SERVICES,
LEO MARTINEZ, MARGARET BATTY,
INCOME SUPPORT DIVISION, ROQUE ROSALES,
DISTRICT ATTORNEY'S OFFICE, SCOTT KEY,
CITY OF ALAMOGORDO, BRUCE ROBERTS,
MICHAEL STORSETH, NEIL LA SALLE, DISTRICT
COURT ADMINISTRATOR, KAREN DUPREY, JOHN
DOES, JANE DOES,

    Defendants.

## ORDER DENYING AMENDED MOTION FOR CLARIFICATION

The matter comes before the Court pursuant to Plaintiff's Amended Request for Clarification as to "Pleading." *Doc. 34.* Having fully considered Plaintiff's motion and relevant law, the Court will DENY the motion.

The Court entered an order on March 19, 2014, in which it granted Defendants' Motion to Strike Plaintiff's Motion for a More Definite Statement (*doc. 22*). In his Motion for a More Definite Statement, (*doc. 18*), Plaintiff had sought clarification of Defendants' Response to his Motion to Remand. Now, in his current motion for clarification, Plaintiff asks the Court to reconsider its ruling.

First, Plaintiff argues that, under Federal Rule of Civil Procedure 12(e), a motion to strike may only be used to attack a "pleading." He contends that, because his Motion for a More Definite Statement was not a "pleading" as defined by the Federal Rules, the Court was not justified in striking this document. *Doc. 34.* On the other hand, Plaintiff maintains that the Court should grant his Motion for a More Definite Statement because the document Plaintiff seeks to clarify—Defendants' Response to his Motion to Remand—*does* constitute a "pleading." Because Defendants seek "to deprive Plaintiff of the state court's jurisdiction, and the venue of Plaintiff's choice," their Response to Plaintiff's Motion to Remand is a claim for relief and, therefore, a "pleading." *Doc. 34.*

As an initial matter, the Court disagrees with Plaintiff's assertion that Defendants' Response to his Motion to Remand is a claim for relief and thus a pleading. To the contrary, this document is merely a response to Plaintiff's request to remand the case to state court. It does not, in itself, request anything from the Court (other than the denial of Plaintiff's motion) nor claim the right to any relief.

With regard to the Court's order striking Plaintiff's Motion for a More Definite Statement, the Court exercised its inherent powers to strike this document, and it is immaterial whether it constituted a "pleading" under the Federal Rules. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Federal courts have inherent powers to manage their proceedings and to control the conduct of the parties who appear before them. *Id.* at 49. Inherent powers permit courts to "manage their own affairs in order to achieve the orderly and expeditious disposition of cases." *Id.* The Court concludes that striking

Plaintiff's Motion for a More Definite Statement served to promote the efficient management of this case.  The Court therefore DENIES Plaintiff's Motion to Reconsider.

    IT IS SO ORDERED.

                                      _____
                                      GREGORY B. WORMUTH
                                      UNITED STATES MAGISTRATE JUDGE