IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL P. ROSALES,

    Plaintiff,

v.                                                              Case No. 2:13-cv-1092 MV/GBW

STATE OF NEW MEXICO,
ADULT PROTECTIVE SERVICES,
LEO MARTINEZ, MARGARET BATTY,
INCOME SUPPORT DIVISION, ROQUE ROSALES,
DISTRICT ATTORNEY'S OFFICE, SCOTT KEY,
CITY OF ALAMOGORDO, BRUCE ROBERTS,
MICHAEL STORSETH, NEIL LA SALLE, DISTRICT
COURT ADMINISTRATOR, KAREN DUPREY, JOHN
DOES, JANE DOES,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's Reply in Support of Plaintiff's Motion to Remand. *Doc. 38.* The Court construes Plaintiff's Reply as a motion for reconsideration, and DENIES the motion. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court must construe a *pro se* Plaintiff's pleadings broadly).

The Court notes at the outset that motions for reconsideration are not expressly provided for in the Federal Rules of Civil Procedure. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.,* 229 F.R.D. 232, 234 (D.N.M. 2005) (*citing Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). However, the

Rules do state that "any order . . . , however designated, that adjudicates fewer than all the claims [at issue] . . . may be revised at any time before the entry of judgment adjudicating all the claims [at issue]." Fed. R. Civ. P. 54(b). Plaintiff here requests reconsideration of the Court's March 19, 2014 order denying his motion to remand to state court (*doc. 14*) and his motion for a more definite statement (*doc. 18*). *Doc. 33.* Because the order in question does not adjudicate all the claims at issue, it is properly treated as interlocutory (rather than final)[1] and is subject to revision by the Court at any time. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 Fed. App'x 760, 765 (10th Cir. 2007); *see also Hunt v. Green*, 376 F. Supp. 2d 1043, 1049 (D.N.M. 2005). A court may reconsider an interlocutory order when it has made an error of fact or of law. *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. 2011) (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Plaintiff's motion for reconsideration must be denied because he has not shown that the Court committed an error of fact or law. Plaintiff first argues that his Motion to Remand was timely. However, the timeliness of his motion was ultimately irrelevant to the Court's ruling because the Court denied Plaintiff's motion on the merits. *See doc. 33* at 4. Second, Plaintiff argues that the Court erred in denying his Motion for a More Definite Statement (*doc. 18*), because Federal Rule of Civil Procedure 12(e) permits him to request a more definite statement of a response to a motion. Plaintiff has failed to

---

[1] When a party moves for reconsideration of a final order, that motion is treated as a Rule 59(e) or 60(b) motion, depending on its timing. *See Computerized Thermal Imaging, Inc.*, 312 F.3d at 1296 n.3.

present any new facts or argument to persuade the Court that it erred in reaching its conclusion that Rule 12(e) does not permit this type of relief. Moreover, the Court found that Defendants' Response to Plaintiff's Motion to Remand was neither vague nor ambiguous, and denied Plaintiff's Motion for a More Definite Statement on that basis. *Doc. 33* at 5.

Because Plaintiff has failed to demonstrate that the Court committed an error of fact or law in its March 19, 2014 order, Plaintiff's motion for reconsideration (*doc. 38*) is DENIED. Should Plaintiff voluntarily dismiss his federal claims, he may again move to remand this case to state court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE