IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL P. ROSALES,

    Plaintiff,

v.                                                                              CIV No. 13-1092 MV/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Strike (*doc. 51*) and Plaintiff's Motion for Sanctions, Objection, and Recusal for Cause (*doc. 58*).

**I.    PROCEDURAL BACKGROUND**

On July 2, 2014, the Court entered an Order to Show Cause against Plaintiff, requiring him to respond showing why his case should not be dismissed as to the unserved defendants for failure to comply with Federal Rule of Civil Procedure 4(m). *Doc. 44*. Plaintiff responded, alleging that he had been "unconstitutionally stripped of [his] pauper status, a status that a State Court approved." *Doc. 46* at 1. Defendants responded in turn, submitting to the Court an Order on Application for Free Process which appeared to have been electronically filed in state district court on May 22, 2013, prior to removal of Plaintiff's case. *Doc. 49*, Ex. A. This order "merely waived [Plaintiff's] filing fee, and did not order free service of process." *Doc. 49* at 3.

On August 21, 2014, the Court entered an Order to Effect Proper Service and Recommended Disposition Should Plaintiff Not Comply ("PFRD"). *Doc. 50*. The PFRD

1

ordered Plaintiff to effect proper service on all defendants within seventeen days of the order being entered, and recommended that all defendants who had not been served within that time be dismissed without prejudice. *Doc. 50* at 4.

On September 2, 2014, Plaintiff entered a Motion to Strike, in which he sought to strike Defendants' response (*docs. 49*) and the attached state court order (*Doc. 49*, Ex. A). *Doc. 51*. Plaintiff also attached a document to his motion purporting to be an order signed by a state district judge granting Plaintiff free service of process ("Plaintiff's Process Order"). *Doc. 51*, Ex. 1. This document included a judge's signature but no filing stamp. The Court set a hearing for September 30, 2014, to determine the authenticity of Plaintiff's Process Order. *Doc. 55*. On September 16, 2014, Defendants filed a Notice of Filing State Court Documents, to which they attached the entire state court electronic file for Plaintiff's case. *Doc. 53*.

On September 29, 2014, the day before the hearing, Plaintiff filed a Motion for Sanctions against Defendants, Objection, and Recusal for Cause. *Doc. 58*. In the Motion, Plaintiff questions the authenticity of documents Defendants submitted to the Court, noting discrepancies between Defendants' *Doc. 49*, Ex. A, and *Doc. 53*, Ex. 1, both of which appear to be a copy of the Application for Free Process & Affidavit of Indigency filed in state district court on May 22, 2013. In addition, Plaintiff calls the Court's impartiality into question and requests recusal of Magistrate Judge Wormuth. He claims "there is probable cause for the plaintiff to believe that the impartiality of the Magistrate . . . has been compromised." *Doc. 58* at 1.

The Court held a hearing on September 30, 2014, in which both parties presented argument and evidence as to the authenticity of Plaintiff's Process Order. *Doc. 60*. At the hearing, Plaintiff also presented argument that Defendants had submitted false documents to the Court.

II. DISCUSSION

A. **Plaintiff's Process Order**

The Court, having heard from both sides and having reviewed an original copy of Plaintiff's Process Order, is convinced that Plaintiff was not attempting to perpetrate a fraud on the Court. However, as Plaintiff's Process Order has no timestamp and there is no record on the state's electronic docket of it having been filed, it cannot form the basis for granting Plaintiff free service of process in federal court. In light of the Court's finding, Plaintiff was advised that he had two options: (1) to properly serve the remaining defendants himself, or (2) to apply to proceed *in forma pauperis* in federal court pursuant to 28 U.S.C. § 1915. Plaintiff was further advised that, if he proceeded *in forma pauperis* under § 1915, his case would be reviewed for frivolousness. Plaintiff requested 28 days within which to apply for *in forma pauperis* status. Defendants made no objection.

IT IS THEREFORE ORDERED that Plaintiff has until **October 28, 2014**, to apply for *in forma pauperis* status pursuant to 28 U.S.C. § 1915. Plaintiff is hereby advised that, if he fails to meet this deadline, the Court will enter an Order to Show Cause and will hold another in-person hearing during which Plaintiff will be required to show cause as

to why his complaint should not be dismissed for his failure to comply with this order and his continued failure to properly serve remaining defendants.

IT IS FURTHER ORDERED that, in light of this ruling, the Court's Order to Show Cause (*doc. 44*) is QUASHED, and the Court's PFRD (*doc. 50*) is VACATED.

### B. Plaintiff's Allegations Against Defendants

At the hearing, Plaintiff accused Defendants of filing inauthentic documents with the Court.  He raised this point again in his Motion for Sanctions (*doc. 58*), claiming that "Defendants knowingly altered the 7-page document [Plaintiff's application for indigency and accompanying court order] by intentionally excluding the application portion of the document."  *Doc. 58* at 3.

Having heard from both sides and reviewed the relevant filings, and being fully advised, the Court concludes that there is no basis on which to believe that Defendants have been dishonest with the Court, or to question the validity of any of the documents submitted by Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendants' response and attached exhibit (*doc. 51*) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (*doc. 58*) is DENIED insofar as it requests sanctions against Defendants.

### C. Plaintiff's Motion for Recusal

Finally, Plaintiff moves to recuse Magistrate Judge Wormuth.  *See generally doc. 58*.  Plaintiff questions the impartiality of the undersigned based on his calling into

question the authenticity of Plaintiff's filing (doc. 51, Ex. 1), but not the authenticity of Defendants' filings (*doc. 49*, Ex. A & *doc. 52*, Ex. 1).  *Doc. 58* at 1.

As an initial matter, the Court notes that it has already once denied Plaintiff's motion for recusal.  *See doc. 15*.  Here, as before, Plaintiff cites no legal bases for disqualification.  However, as a *pro se* litigant, his filings are liberally construed.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) ("Because [Plaintiff] proceeds *pro se*, we construe his pleadings liberally.").  As such, the Court will consider Plaintiff's Motion in light of the two relevant statutes governing recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455.

Under § 144, a party may move to prospectively disqualify a judge for reasons of "personal bias or prejudice." 28 U.S.C. § 144.  A motion made under this statute must include "an affidavit of bias and prejudice [that] must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel."  *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).  Here, Plaintiff has failed to either file an affidavit or set forth any facts in his motion to suggest that the undersigned is biased or prejudiced against him.  Although Plaintiff points out the fact that the Court questioned the authenticity of Plaintiff's Process Order but not the authenticity of Defendants' filings, this discrepancy is easily explained: the order Defendants submitted was file-stamped; Plaintiff's was not.  I therefore find that Plaintiff's motion to disqualify the judges assigned to this case is insufficient under § 144.

5

Plaintiff's motion also fails under § 455. "[T]he initial inquiry [in a § 455 motion] is whether a reasonable factual basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (emphasis removed). As mentioned above, Plaintiff has proffered no factual basis that would indicate bias on behalf of the undersigned. Plaintiff has thus failed to allege a "reasonable factual basis" for disqualification, and his motion fails under § 455. Plaintiff's Motion for Recusal is, therefore, DENIED.

### III. CONCLUSION

For the foregoing reasons, the Court's Order to Show Cause (*doc. 44*) is QUASHED; the Court's PFRD (*doc. 50*) is VACATED; Plaintiff's Motion to Strike (*doc. 51*) is DENIED; and Plaintiff's Motion for Sanctions, Objection, and Recusal for Cause (*doc. 58*) is DENIED. Plaintiff shall file his application to proceed *in forma pauperis* under 28 U.S.C. § 1915 no later than **October 28, 2014**.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE