IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL P. ROSALES,

    Plaintiff,

v.  No.  13cv1092 MV/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.  *See* Doc. 62, filed October 31, 2014.  For the reasons stated below, the Court will **GRANT** the application.  Plaintiff shall file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Background**

This case was removed from state court to this Court on November 8, 2013.  *See* Doc. 1. After a hearing to determine the authenticity of a document alleged to be an order signed by a state district judge granting Plaintiff free service of process, the Court found that the alleged order has no timestamp and that there is no record on the state's electronic docket of it having been filed.  *See* Doc. 61 at 3.  The Court concluded that the alleged order cannot form the basis for granting Plaintiff free service of process in federal court and granted Plaintiff leave to apply for *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  The Court advised Plaintiff that, if he proceeded *in forma pauperis* under § 1915, his case would be reviewed for frivolousness.

**Motion to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true. Plaintiff states that: (i) his average monthly income is 194.00 in food stamps; (ii) his total monthly expenses are $20.00 - $50.00; (iii) he has $0.04 in his checking account. Plaintiff states that his only employment during 2012 to March 2013 was jury service which paid less than $50.00 per month. The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff is unemployed and at present his only monthly income is food stamps.

**Dismissal of** *In Forma Pauperis* **Proceedings**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which

relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d  at 1217.  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1 218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

  Plaintiff's Complaint fails to state a claim for the following reasons and should be dismissed pursuant to 28 U.S.C. 1915(b)(2).

  Plaintiff names the State of New Mexico as a defendant but does not set forth any basis for subject matter jurisdiction over the State.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Ruiz v.*

*McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.").

Plaintiff alleges that Defendant Adult Protective Services violated his civil rights. Adult Protective Services is an arm of the State of New Mexico and, therefore, is immune from from § 1983 damages suits.  *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

Plaintiff alleges that some of the Defendants violated criminal and civil statutes. Plaintiff claims that "one or more of the defendants caused the robbery, burglary, breaking and entering, larceny or other form of theft or fraud." Complaint ¶ 4. Plaintiff alleges that Defendant "Leo Martinez was not trained as a physician and, by endeavoring to diagnose the health or condition of any person, was practicing medicine without a license, in violation of New Mexico statutes, which prohibit the practice of medicine without the proper training and licensure." Complaint ¶ 3. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Plaintiff makes several conclusory allegations in his complaint. For example, he "claims that on 2003 and 2004, the State and the City of Alamogordo and its officers or agents conspired to and did violate the civil rights of Plaintiff, in violation of the Civil Rights Act, the Constitution and laws of the United States and New Mexico." Complaint ¶7. Plaintiff continues stating that in "2003, the State and the City of Alamogordo wrongfully imprisoned the Plaintiff . . . and . . . failed to adequately train its [sic] officers or agents." Plaintiff does not support the allegation of wrongful arrest with any factual assertions and does not indicate which, if any, of the alleged

facts occurred in 2004. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff refers to "one or more of defendants" in his factual allegations but does not identify which defendants performed the alleged acts. The following Defendants are not specifically mentioned in any of the factual allegations: Margaret Batty, Income Support Division, Scott Key et al., Bruce Roberts, Michael Storseth, Neil Lasalle, and Karen Duprey. Plaintiff thus fails to state with any particularity what each of these defendants did to Plaintiff, when they committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Consequently, the claims against Defendants Margaret Batty, Income Support Division, Scott Key et al., Bruce Roberts, Michael Storseth, Neil Lasalle, and Karen Duprey should be dismissed.

Plaintiff names the District Attorney's Office and the District Court Administrator as defendants but both appear to be immune from suit. *See Mink v. Suthers,* 482 F.3d 1244, 1261-62 (10th Cir. 2007) ("[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case"); *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("Absolute judicial immunity has thus been

5

extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process").

It appears that many, if not all, of Plaintiff's claims may be barred by statutes of limitations. *See Scott v. Dona Ana County*, 2013WL4516379 (N.M.App.) ("Lawsuits seeking compensation against governmental entities and public employees for the deprivation of rights guaranteed by the New Mexico Constitution are controlled exclusively by the Tort Claims Act and its two-year statute of limitations. *See* § 41–4–17(A)"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). Some of the actions Plaintiff complains of occurred in 2003-2005. Plaintiff filed his complaint in state court on May 22, 2013. Plaintiff alleges that "Defendants caused Plaintiff personal injury, defamation, loss of income, loss of property, loss of consortium, etc.," but does not indicate when Defendants caused those injuries.

It also appears that Plaintiff may be attempting to bring claims on behalf of other persons. He states that the "State and the City of Alamogordo also caused others to go out of town, to avoid any allegations of impropriety" and that the State and the City of Alamogordo "embarked in a pattern of conduct . . . which ultimately culminated in the wrongful deaths of" three other people. Complaint ¶¶ 15, 18. "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause *pro se* means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011).

Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim. Plaintiff's amended complaint shall include the addresses of every defendant named in the amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 62, filed October 31, 2014, is **GRANTED.**

**IT IS ALSO ORDERED** that, should he wish to do so, Plaintiff must file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES MAGISTRATE JUDGE**