IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MIGUEL P. ROSALES**,

    Plaintiff,

vs.

**STATE OF NEW MEXICO**, *et al.*,

    Defendants.

No. 13-CV-1092-MV-GBW

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Docs 63 and 67 [Doc. 69], Plaintiff's Motion for Extension to File a Notice of Appeal [Doc. 70], and Plaintiff's Amended Motion for Relief from Judgment or Order(s) [Doc. 71]. On the Court's view, Plaintiff's "Objection" [Doc. 69] and Plaintiff's Amended Motion for Relief from Judgment or Order(s) [Doc. 71] appear to be motions to reconsider the Order Denying Plaintiff's Motion for Extension [Doc. 67] and related Order Dismissing [Doc. 68] or for relief from judgment; the Court will treat them accordingly. Defendants responded [Doc. 72] and Plaintiff replied [Doc. 73]. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully-informed, finds that Plaintiff's Objection to Docs 63 and 67 [Doc. 69] is not well-taken and will be **DENIED,** that Plaintiff's Motion for Extension to File a Notice of Appeal [Doc. 70] will be **DENIED AS MOOT,** and that Plaintiff's

1

Amended Motion for Relief from Judgment or Order(s) [Doc. 71] is not-well taken and will be **DENIED.**

## BACKGROUND

The procedural background relevant to the Court's disposition of the instant Motions and Objection is easily summarized. On January 27, 2015, Magistrate Judge Gregory Wormuth entered a Memorandum Opinion and Order Granting Motion to Proceed *In Forma Pauperis* [Doc. 63]. In the Memorandum Opinion and Order, Magistrate Judge Wormuth concluded that "Plaintiff's Complaint fails to state a claim for" a series of reasons, each of which he articulated with specificity. Doc. 63 at 3-6. Accordingly, Magistrate Judge Wormuth gave Plaintiff leave to "file an amended complaint within 21 days of entry of this Order" and warned that "[f]ailure to timely [sic] file an amended complaint may result in dismissal of this case without prejudice." *Id.* at 7.

More than twenty-one (21) days later, on February 26, 2015, Plaintiff filed a Memorandum for Extension to File Amended Complaint [Doc. 64]. On March 23, 2015, after the matter was fully briefed, this Court denied that request, noting that "Plaintiff did not file an amended complaint within the time allotted, nor did he seek an extension to do so within the mandated time frame" and that even the belated motion "fails to establish good cause for granting an extension." Doc. 67 at 1. Therefore, Court concurrently filed a separate Order Dismissing the Case [Doc. 68] predicated on Plaintiff's failure to file an "an amended complaint within the

time allotted" and the Court's conclusion "that Plaintiff's Complaint fails to state a claim for the reasons laid out in Judge Wormuth's Opinion." Doc. 68 at 1.

Several weeks later, on April 16, 2015, Plaintiff filed his Objection to Docs 63 and 67 [Doc. 69], followed on April 27, 2015 by his Motion for Extension to File a Notice of Appeal [Doc. 71] and by his Amended Motion for Relief from Judgment or Order(s) on May 8, 2015 [Doc. 71]. Defendants filed a collective response [Doc. 72] on May 12, 2015 and Plaintiff replied [Doc. 73]. The Court finds Plaintiff's requests to be without merit.

## DISCUSSION

### I. Motion for Reconsideration or for Relief from Judgment

It is well-established in this Circuit that, although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, a district court may, nonetheless, grant relief from judgment pursuant either to Rule 59(e) or Rule 60(b). *See, e.g.*, *Price v. Philpot*, 420 F.3d 1158, 1167, n.9 (10th Cir. 2005) ("Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed" either as a motion pursuant to Rule 59(e) or Rule 6(b); *Anderson Living Trust v. WPX Energy Prod., LLC*, -- F.R.D. --, 2015 WL 9703298, at *15, (D.N.M. Dec. 31, 2015) ("Courts may treat motions for reconsideration as a rule 59(e) motion when the movant files within twenty-eight days of a court's entry of judgment. If the movant files outside that time period, courts should treat the motion as seeking relief from judgment under rule 60(b).").

3

The scope of reconsideration, however, is narrowly cabined and far more limited than in an ordinary appeal. That is, a motion to reconsider is an "inappropriate vehicle [ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. Similarly, a "motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d at 539. Of course, a district court has considerable discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Similarly, Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons, including, as is relevant here, "any other reason that justifies relief." Fed. R. Civ. P. 60(b). While this latter basis for relief is often described as a "grand reservoir of equitable power," if "the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 429-30 (D.N.M. 2015) (internal quotation marks omitted).

4

When reviewing a motion pursuant to Rule 60(b), a district court must consider that "[r]elief under this rule is extraordinary and may only be granted in exceptional circumstances." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (internal quotation marks omitted). *See also Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 326 (D.N.M. 2014) ("Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule.") (internal quotation marks omitted). "A litigant demonstrates 'exceptional circumstances' by satisfying at least one of Rule 60(b)'s six grounds for relief." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). Moreover, the Court is mindful that "Rule 60(b) is not a substitute for appeal, and must be considered [in conjunction] with the need for finality of judgment." *Macias v. New Mexico Dep't of Labor*, 300 F.R.D. 529, 542 (D.N.M. 2014) (internal quotation marks omitted). *See also Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."); *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) ("Motions to alter or amend judgment are regarded with disfavor.").

## II. The Instant Case

Charitably interpreted, Plaintiff's Objection [Doc. 69] and Amended Motion for Relief from Judgment or Order(s) [Doc. 71] make two general arguments: (1) that the Court erred in refusing Plaintiff's requested extension to file his Amended Complaint pursuant to Federal Rule of Civil Procedure 6(b) and (2) that,

5

under Rule 6, the Sabbath must be excluded as a countable day. The Court will address each in turn.

First, Plaintiff's argument that the Court erred in declining to extend time under Rule 6(b) has no merit. As is evident from the text of subsection one, Rule 6(b) is permissive and does not ***require*** a district court to extend a deadline under any circumstance. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court ***may***, for good cause, extend the time…"). Moreover, Plaintiff's apparent reliance on subsection A, rather than B, is entirely misplaced; subsection A only applies "if a request is made, before the original time or its extension expires" while subsection B governs a "motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Accordingly, because Plaintiff's request was not timely submitted, he was required to demonstrate that he failed to act because of excusable neglect in order to be entitled to an exercise of the Court's ***discretionary*** power to grant an extension. Even on a generous re-reading, nothing in Plaintiff's Memorandum for Extension to File Amended Complaint [Doc. 64] qualifies as "excusable neglect," such that the Court perceives no error in its earlier disposition. Accordingly, the Court's refusal to extend Plaintiff's deadline retroactively does not entitle Plaintiff either to reconsideration or to relief from judgment.

Second, it is irrelevant that "plaintiff is a member of a group of people that interpret the seventh day to be 'from even [sic] to even [sic]' which would have the seventh day (Saturday or Sabbath) to begin on Friday at even [sic] to Saturday at

6

even [sic]." Doc. 69 at 3. Rule 6(a)(1)(B) plainly provides that in computing the time allotted by a "Period Stated in Days or a Longer Unit," a litigant must "count every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B). Plaintiff's religious observance is simply not a factor in this analysis, nor are any other holidays or days of rest set aside by the federal government or any other religious denomination; the twenty-one days provided by the Court furnished Plaintiff with ample time, other than the Sabbath, during which to prepared and file an amended complaint. Moreover, February 24, 2015, the date that the extension was post-marked, was a Tuesday, such that there can be no argument that Plaintiff was impeded from filing the document the previous day by his religious obligations, which evidently extend from Friday evening to Saturday evening. Plainly, then, Plaintiff submitted the request untimely at least partially because of non-religious reasons. Stated succinctly, the Court perceives no basis for relief from judgment or reconsideration predicated on Plaintiff's assumedly sincere religious obligation to keep the Sabbath day holy. Thus, Plaintiff's request for reconsideration or relief pursuant to Rule 60 must be denied.

**III.    Motion for Extension to File a Notice of Appeal**

In his Motion for Extension to File a Notice of Appeal [Doc. 70], Plaintiff seeks an indeterminate extension of time "within which to file the Notice of Appeal." Doc. 70 at 1. This request is moot. Federal Rule of Appellate Procedure 4, which governs the timing of appeals, provides that if a party files a motion "for relief under Rule 60 … no later than 28 days after the judgment is entered," then "the

7

time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A).  Here, Plaintiff filed his Objection, which the Court has interpreted to be, in part, a motion pursuant to Rule 60, on April 16, 2015, fewer than twenty-eight (28) days after the Court dismissed the case on March 23, 2015.  Therefore, Plaintiff's thirty days during which to file his notice of appeal runs from the entry of this Memorandum Opinion and Order; no extension presently appears necessary.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff is not entitled either to reconsideration or to relief from judgment.  However, the filing of the Objection and Motions resolved in this Memorandum Opinion and Order ensure that Plaintiff has thirty (30) days from the entry of this Memorandum Opinion and Order to file a notice of appeal.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Docs 63 and 67 [Doc. 69] is **DENIED,** that Plaintiff's Motion for Extension to File a Notice of Appeal [Doc. 70] is **DENIED AS MOOT,** and that Plaintiff's Amended Motion for Relief from Judgment or Order(s) [Doc. 71] is **DENIED.**

Dated this 29th day of February, 2016.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE